**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:18-CR-26-DBH-05** |
| | ) | |
| **JHOVANNY VILLALONA,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON MOTION TO APPOINT COUNSEL**

Jhovanny Villalona, now imprisoned at FPC Pensacola, has filed a "Motion Requesting Appointment of Legal Counsel in Regards to Filing for Compassionate Release with Respect to Medical Conditions" (ECF No. 710).

As amended by the First Step Act, the so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). I have previously ruled that the Sentencing Commission's Guideline policy statement on this provision, 1B1.13 cmt. n.1(A), which the Commission has not changed to reflect the First Step Act,[1] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"). The Second Circuit has gone further and ruled that the Guideline policy

---

[1] Currently, the Commission lacks a quorum to amend the Guidelines.

statement applies *only* to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason.  United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

I sentenced Villalona July 24, 2019, to 60 months in prison for drug trafficking.  Judgment (ECF No. 443).  More than 30 days have passed since the Warden received Villalona's request for relief.  See 18 U.S.C. § 3582(c)(1)(A).  The BOP reports that FPC Pensacola currently has 0 inmates and 4 staff positive for COVID-19, and 0 inmates and 1 staff who have recovered.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Nov. 18, 2020), https://www.bop.gov/coronavirus/.

In support of his motion, Villalona has attached his medical records from the BOP and his medical records from Greater Lawrence Family Health Center preceding his imprisonment.  The medical records reveal that Villalona has had asthma since childhood.

According to the CDC's website dealing with the coronavirus, asthma is not a condition that places people "at increased risk" of severe illness from the virus.       People     with     Certain     Medical     Conditions,     CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020).   Instead, people with moderate to severe asthma "might be at an increased risk."  Id.

Villanova's medical records do not say that his asthma is or was moderate or severe. The Revised Presentence Report prepared in connection with his July 2019 sentencing says that "[t]he defendant is in good physical health with only minor medical problems, including asthma, noted." PSR ¶ 32. A May 28, 2020, BOP medical report of chest x-rays says under "Indication": "History of asthma lifetime, states lung surgery at age 10 months? Side." Under "Findings" it states: "Normal inflation of the lungs. No surgical clips or lung surgical suture lines identified." Def.'s Mot. Ex. A at 7 (ECF No. 710-1). An earlier encounter with BOP Health Services on September 12, 2019, says "Asthma since childhood. Only needs Albuterol after working out or playing basketball. Above activities aren't interrupted by asthma sx's [symptoms]; also doesn't affect ability to do ADL's [activities of daily living]." Id. at 4. Villalona's BOP history of medications shows that he is prescribed an albuterol inhaler with instructions not to use daily but only as needed. Id. at 9.

Under these circumstances, Villalona's asthma history alone does not rise to the level of "extraordinary and compelling reasons" that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A), and appointment of counsel would not be helpful.

I therefore **DENY** Villalona's motion to appoint counsel.

**SO ORDERED.**

**DATED THIS 19TH DAY OF NOVEMBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3