# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIM. NO. 2:18-CR-26-DBH-05 |
| | ) | |
| JHOVANNY VILLALONA, | ) | |
| Defendant | ) | |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

Previously I denied this defendant's motion for appointment of counsel in connection with his request for compassionate release, ruling that his history of asthma since childhood "does not rise to the level of 'extraordinary and compelling reasons' that would justify compassionate release . . ., and appointment of counsel would not be helpful." Order on Nov. 19, 2020 (ECF No. 715).

Now the defendant has obtained a lawyer and on May 24, 2021, moved once again for compassionate release (or alternatively, home confinement), adding the additional reasons of hypertension, overweight (short of obesity), anxiety, depression, his mother's need for care, and prison conditions. The gravamen of his request is related to the risks COVID-19 presents in the prison setting for a person of his condition. He tested positive for COVID-19 in January.

The government concedes that he has exhausted his administrative remedies. It also states that the defendant refused the Janssen (Johnson & Johnson) vaccination for COVID-19 on June 4, 2021, and he has not contradicted the assertion.

I agree with my colleague Judge Woodcock that refusal to be vaccinated is "a factor against [a] motion for compassionate release." United States v. Cain, No. 1:16-cr-103-JAW, 2021 WL 2269974, at *7 (D. Me. June 3, 2021) (ECF No. 303). I see no reason to repeat the fine reasoning Judge Woodcock set forth in his decision. I agree that "the law does not require the Court to reward [the defendant] for turning down a vaccine that may save his life, reduce the severe impact of the disease, and limit the risk he will spread the virus to others." Id. I therefore **DENY** the motion.

I also would deny the motion even without the vaccine refusal because the circumstances the defendant enumerates (asthma—which I previously ruled on, hypertension, overweight short of obesity, anxiety, depression, his positive test for COVID-19 in January, and his mother's need for care)[1] do not rise to the level of "extraordinary and compelling reasons" that would warrant compassionate release. I do not repeat the citations and analysis of my November 19, 2020, Order.[2]

**SO ORDERED.**

**DATED THIS 25TH DAY OF JUNE, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I point out that if the defendant is challenging the conditions of confinement, that claim belongs in the District where he is incarcerated. He is incarcerated in Pensacola, Florida.

[2] I do reiterate that I do not feel bound by Guideline 1B1.13. See United States v. Long, 997 F.3d 342, 355 (D.C. Cir. 2021); United States v. Aruda, 993 F.3d 797, 801-02 (9th Cir. 2021); United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1050-51 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 281-84 (4th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108-11 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020). But see United States v. Bryant, 996 F.3d 1243, 1247-65 (11th Cir. 2021).